IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH BORYS, by his appointed guardian, MICHAEL JAY BORYS, <br><br> PLAINTIFF, <br><br> v. <br><br> COOK COUNTY SHERIFF THOMAS DART, COOK COUNTY, CORRECTIONAL OFFICER R. SENESE and COMMANDER A. GARCIA, <br><br> DEFENDANTS. | <br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Michael Jay Borys, on behalf of Michael Joseph Borys, by their counsel, Dvorak Law Offices, LLC, and Equip for Equality, and complaining of Defendants Cook County Sheriff Thomas Dart, Cook County, Officer R. Senese, and Commander A. Garcia, Defendants.

## Introduction

1. Michael Joseph Borys was permanently disabled in the Cook County Jail because the system failed to provide the reasonable accommodation that the Jail's own doctor ordered. Michael's cognitive functioning is now very limited and he is permanently blind in one eye. These injuries are the result of the correctional staff's failure to place Michael—who had a known history of seizure disorder—in a lower bunk, as the doctor had ordered.

2. This is a civil rights action brought to redress Michael's federally protected rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1983.

**Jurisdiction and Venue**

1. This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 1343(a), and the Constitution of the United States; it also has supplemental jurisdiction as provided by 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b). All defendants reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

3. Plaintiff Michael Jay Borys is the father of thirty-two year-old Michael Joseph Borys (henceforth "Michael"). They live in Ottawa, Illinois. On January 27, 2015, Michael Jay Borys was appointed the guardian of his son.

4. Defendant Thomas Dart is the Sheriff of Cook County. He is the final policymaker responsible for all policies and practices of the Cook County Department of Corrections ("Cook County Jail"). This matter is brought against Defendant Dart in his official capacity.

5. Defendant Cook County is a municipal corporation duly incorporated under the laws of the State of Illinois. The County runs Cermak Health Services Facility ("Cermak" or "Cermak Hospital"), an affiliate of the Cook County Bureau of Health Services, which provides health services for detainees at Cook County Jail.

6. Officer R. Senese and Commander A. Garcia were, at the time of this occurrence, Cook County Correctional Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment with the Cook County Sheriff and under color of law. They are sued in their individual capacities.

**Background**

7.      On October 12, 2015, Michael was booked into the Cook County Jail on a misdemeanor charge.

8.      As part of the booking process, Michael was screened by Cermak Hospital. He was identified as having seizures, with a medical history of brain cancer, and referred for a medical assessment.

9.      On the same day, October 12, 2014, Michael was seen by a Cermak physician for a medical evaluation. That physician entered an order that Michael be assigned to a lower bunk.

10.     Although a Cermak physician prescribed Michael an anti-seizure medication, he was not provided that medication in a timely manner.

11.     Later that evening, Michael was assigned to Dorm 1 in Cook County Jail's Division 2, where Officer Senese and Commander Garcia were responsible for reviewing the computerized system for any medical alerts and for making bunk assignments.

12.     Officer Senese and/or Commander Garcia assigned Michael to a top bunk.

13.     Michael was in an open dormitory type of room with dozens of other detainees.

14.     Officer Senese was able to continuously monitor the dorm from his location during the evening and night hours.

15.     Officer Senese, who knew or should have known that Michael had a seizure disorder, observed that he "was not acting normal." Officer Senese observed Michael repeatedly and in rapid succession go back and forth from his top bunk to the water fountain. Officer Senese also observed Michael sitting up in his top-bunk bed in the middle of the night, when the other detainees were all asleep, in a strange manner.

16. Yet, knowing all of this, Officer Senese failed to take any action to get Michael medical attention or to move him to a bottom bunk.

17. Around 2:25 a.m., Michael had a seizure and fell from the top bunk to the floor.

18. Officer Senese found Michael lying on the floor bleeding and unresponsive. The responding paramedics subsequently documented that he had severe trauma to his head and face.

19. Michael was rushed to Mt. Sinai Hospital, where he was placed in a medically induced coma. He remained in a coma for approximately a week. He had numerous abrasions and contusions, including fractured eye orbitals. He was hospitalized at Mt. Sinai for several weeks. Following his release, he had to undergo another brain surgery and was hospitalized for another significant period of time.

20. As a result of these events, Michael has suffered serious physical and emotional injuries. He has lost all vision in one eye. The damage to his brain has caused him a loss of cognitive functioning, which severely diminishes his quality of life. He now must rely on his father to assist him with tasks as basic as grocery shopping and paying his bills. As a result of these serious physical injuries, Michael also suffers from significant emotional distress, fear and anxiety.

### Background Facts Relating to the Deliberate Indifference of the County and the Sheriff

21. The Cook County Department of Corrections houses approximately 100,000 individuals annually; many of those detainees are people with disabilities.

22. With the high number of people with disabilities housed within the Cook County Department of Corrections, both Cermak Hospital and Sheriff Dart are aware of the need to provide necessary accommodations in housing assignments and placements of detainees with disabilities.

23. Defendant Cook County, through its Cermak Hospital, conducts medical screenings and evaluations of all detainees as they come into Cook County Jail. In the course of conducting those evaluations, its physicians often identify needed accommodations for individuals with disabilities who are entering the jail.

24. Both Cook County and the Sheriff have failed to establish adequate procedures for the County's medical staff to communicate needed accommodations for detainees with disabilities to the Sheriff's correctional staff.

25. Even where the County's medical staff does communicate the needed accommodations to the correctional staff, the Sheriff has failed to establish necessary training and procedures to insure that accommodations requests are not only received but also implemented.

26. As a direct result of these deficiencies, correctional staff routinely fail to implement necessary accommodations relating to the bunk placements of detainees with disabilities.

27. Both of these Defendants have been sued in several prior actions for the failure to provide housing consistent with their obligations under the Americans with Disabilities Act.

### COUNT I: VIOLATION OF THE REHABILITATION ACT
### (against Defendant Sheriff Dart and Cook County)

28. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

29. Section 504provides that "[]no otherwise qualified individual with a disability in the United States …shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794.

30. Section 504 requires covered entities to provide reasonable accommodations to enable qualified individuals with disabilities to participate in the program or activity.

31. Defendants Sheriff Dart and Cook County are subject to the Rehabilitation Act as entities of local government that receive federal financial assistance. 29 U.S.C. §794(b); C.F.R. § 27.1.

32. Michael is a qualified individual with a disability pursuant to Section 504 because he is substantially limited in neurological function and other major life activities when seizures occur.

33. By failing to provide Michael with the reasonable accommodation of a lower bunk assignment, as requested by the Cermak physician, Defendants Cook County and the Sheriff discriminated against Michael in violation of Section 504.

34. Defendants' conduct was intentional and deliberately indifferent to Michael's federally protected rights.

35. As a result of Defendants' unlawful actions, Michael suffered injuries, including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress.

### COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
**(against Defendant Sheriff Dart and Cook County)**

36. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

37. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

38. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

39. Michael is a qualified individual with a disability pursuant to the Americans with Disabilities Act because he is substantially limited in neurological function and other major life activities when seizures occur.

40. By failing to provide Michael with the reasonable accommodation of a lower bunk assignment, as requested by the Cermak physician, Defendants Cook County and the Sheriff discriminated against Michael in violation of the Americans with Disabilities Act.

41. Defendant's conduct was intentional and deliberately indifferent to Michael's federally protected rights.

42. As a result of Defendants' unlawful actions, Michael suffered injuries including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress.

### COUNT III: CONSTITUTIONAL VIOLATION – DUE PROCESS
### (against all Defendants)

43. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

44. At the time of the events, Michael had a serious medical need that was known to Defendants. Defendants were aware of the serious risk of harm presented and were deliberately indifferent to that risk.

45. The misconduct described in this Count was undertaken pursuant to the policy and practice of Sheriff Dart and Cook County in that:

  a. Sheriff Dart and Cook County manifest deliberate indifference by maintaining policies and practices that fail to adequately obtain appropriate bunk placements of Cook County detainees with disabilities, thereby encouraging and causing the very type of misconduct at issue here;

  b. The County maintains policies and practices that allow and cause medical personnel to disregard the serious needs of people with disabilities by failing to take necessary measures to ensure that correctional staff receive the necessary medical information, or requests for accommodations, for detainees with disabilities to make appropriate bunk assignments;

  c. Sheriff Dart maintains policies and practices that allow and cause correctional staff to disregard the serious needs of people with disabilities by failing to take necessary measures to ensure that correctional staff receive and implement the necessary requests for accommodations relating to bunk assignments for detainees with disabilities;

  d. Sheriff Dart and Cook County knowingly maintain policies and practices that allow detainees disabilities to be given bunk assignments without consideration of their need for accommodations;

  e. Sheriff Dart and Cook County policymakers are aware of, condone, and facilitate by their inaction, the policies and practices that caused the misconduct at issue in this case.

46. The above described conduct was intentional, and Defendants acted with malice and deliberate indifference to Michael's federally protected rights.

47. As a result of Defendants' unlawful actions, Michael suffered injuries including pain and suffering, permanent physical injury, pecuniary damages including extensive past and future medical bills, and emotional distress.

### COUNT IV: NEGLIGENCE – SUPPLEMENTAL STATE LAW CLAIM
### (against Defendant Sheriff Dart and Cook County)

48. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

49. Defendants Sheriff Dart and Cook County owed Michael a duty of care.

50. Defendants, and/or their agents, breached that duty of care by negligently failing to provide the lower bunk assignment that Michael required; by failing to appropriately monitor Michael in light of his known medical condition; and by failing to provide him with his medications in a timely manner.

51. Defendants' agents committed these acts or omissions in the course and within the scope of their employment. Therefore, all of their individual acts and omissions are directly chargeable to Defendants pursuant to the doctrine of *respondeat superior*.

52. As a result of Defendants' actions, Plaintiff suffered injuries including pain and suffering, permanent physical injury, and emotional distress.

### COUNT IV: WILLFUL & WANTON – SUPPLEMENTAL STATE LAW CLAIM
### (against Defendant Sheriff Dart and Cook County)

53. Each of the above paragraphs setting forth the factual allegations is incorporated as if fully restated herein.

54. Defendants Sheriff Dart and Cook County owed Michael a duty of care.

55. Defendants, and/or their agents, breached that duty of care by willfully and wantonly failing to provide the lower bunk assignment that Michael required; failing to appropriately monitor Michael in light of his known medical condition; and failing to provide him with his medications in a timely manner.

56. Defendants' agents committed these acts or omissions in the course and within the scope of their employment. Therefore, all of their individual acts and omissions are directly chargeable to Defendants pursuant to the doctrine of *respondeat superior*.

57. As a result of Defendants' actions, Plaintiff suffered injuries including pain and suffering, permanent physical injury, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: October 9, 2015

                                        RESPECTFULLY SUBMITTED,

                                        s/Richard Dvorak

                                        _____
                                        One of the Attorneys for Plaintiff

| | |
|---|---|
| Amanda Antholt | Richard Dvorak |
| Laura J. Miller | Dvorak Law Offices, LLC |
| Equip for Equality | 6262 Kingery Highway, Suite 305 |
| 200 North Michigan Avenue, Suite 300 | Willowbrook, IL 60527 |
| Chicago, Illinois 60602 | (312) 593-7146 |
| (312) 895-7319 | richard.dvorak@civilrightsdefenders.com |
| (312) 341-0022 | |
| Amanda@equipforequality.org | |
| Laura@equipforequality.org | |